# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

KEVIN GAFFIN,

                Petitioner,      :      Case No. 1:22-cv-259

   - vs -                                   District Judge Susan J. Dlott
                                              Magistrate Judge Michael R. Merz

TIM SHOOP, WARDEN,
 Chillicothe Correctional Institution,

                                                   :

                Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case is brought by Petitioner Kevin Gaffin pursuant to 28 U.S.C. § 2254 with the assistance of counsel and is before the Court for decision on the merits on the Petition (ECF No. 1), the State Court Record (ECF No. 12), the Return of Writ (ECF No. 13), and Petitioner's Reply (ECF No. 18).

**Litigation History**

On July 23, 2015, the Adams County Grand Jury indicted Gaffin on three counts of rape in violation of Ohio Revised Code § 2907.02(A)(1)(b) with a minor less than ten years of age specification (Counts 1, 3, and 5); three counts of sexual battery in violation of Ohio Revised Code § 2907.03(A)(5) with a minor less than thirteen years of age specification (Counts 2, 4, and 6); and one count of felonious assault in violation of Ohio Revised Code § 2903.11(A)(1) (Count 7).

1

(Indictment, State Court Record, ECF No. 12 Exhibit 1, PageID #: 78). Following trial, the jury found Gaffin guilty of all counts and specifications. *Id.* at Ex. 2. Merging the rape and sexual battery convictions, the court sentenced Gaffin to three life sentences without parole for the rapes and eight years for the felonious assault. All sentences were to be served consecutively, for an aggregate term of life in prison plus eight years. *Id.* at Ex. 3.

Gaffin appealed, raising two assignments of error. Both were overruled and the convictions affirmed. *State v. Gaffin*, 2017 WL 2226725 (Ohio App. 4th Dist. May 17, 2017)(*Gaffin I*), appellate jurisdiction declined, 150 Ohio St. 3d 1454 (2017).

On August 28, 2017, Gaffin, through the same counsel who represents him in this Court, filed a Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21, raising eight claims of ineffective assistance of trial counsel (Petition for Post-Conviction Relief, State Court Record, ECF No. 12, Ex. 18). The trial court denied the petition. *Id.* at Ex. 21. On appeal, the Fourth District found the trial court abused its discretion in denying the petition without a hearing and remanded for that purpose. *State v. Gaffin*, 21019 WL 384573 (Ohio App. 4th Dist. Jan. 30, 2019) (*Gaffin II*[1]), appellate jurisdiction declined, 155 Ohio St. 3d 1457 (May 15, 2019).

After a hearing on remand, the trial court again denied the post-conviction petition (Decision and Final Judgment, State Court Record, ECF. No. 12-1, Exhibit 35, PageID #: 811). Gaffin again appealed, but this time the Fourth District affirmed. *State v. Gaffin*, 2021 WL 33756729 (Ohio App. 4th Dist. Jul. 30, 2021)("*Gaffin III*"), appellate jurisdiction declined, 165 Ohio St. 3d 1541 (Feb. 15, 2022).

Gaffin then filed his Petition in this Court on May 9, 2022, pleading one ground for relief:

---

[1] *Gaffin II* and *Gaffin III* are used to refer respectively the two opinions of the Fourth District on appeal in post-conviction. That court used "*Gaffin I*" to refer to its opinion on direct appeal.

> MR. GAFFIN IS ENTITLED TO HAVE HIS CONVICTIONS VACATED BECAUSE THEY WERE IMPOSED IN VIOLATION OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL

(Petition, ECF No. 1, PageID 25).

Warden Shoop does not plead any affirmative defenses, but defends on the merits, asserting that the final reasoned opinion of the Fourth District Court of Appeals (*Gaffin III*") is an objectively reasonable application of relevant Supreme Court precedent and is therefore entitled to deference under 28 U.S.C. § 2254(d)(Return of Writ, ECF No. 13, PageID 2201, 2203, 2214, 2219).

**Petitioner's Traverse**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), specifically as codified in 28 U.S.C. § 2254(d)(1), a habeas court must defer to the last reasoned state court decision on the merits on a constitutional claim later presented in habeas unless that decision was contrary to or an objectively unreasonable application of the holdings of Supreme Court precedent. We must likewise defer to state court findings of fact unless they constitute unreasonable determinations of the facts based on the evidence presented. 28 U.S.C. § 2254(d)(2). 28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. 86 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).

Instead of facing that challenge directly, Gaffin's present counsel argue the case as if this Court were performing a *de novo* review of trial attorney Aaron Haslam's performance. The Petition itself begins with a three-page list of trial counsel's asserted errors (ECF No. 1, PageID 3-5). To show how poorly Haslam remembered the case, counsel purportedly took his deposition

3

and claim to have attached a copy to the Petition.[2] The balance of the fifty-six page Petition catalogues the various ways in which Haslam's performance is alleged to have been deficient.

In the Traverse, counsel begin their critique of Haslam where they began it in state court, to wit, with a four-page narrative Affidavit of the Petitioner filed in support of his post-conviction petition at the very outset of the post-conviction process (Traverse, ECF No. 18, PageID 2230, quoting Gaffin Affidavit of August 17, 2017, Ex. 1 to Post-Conviction Petition, State Court Record, ECF No. 12, Ex. 18).

The crux of the case, counsel argue, is Haslam's "failure to interview the witnesses Mr. Gaffin had identified and the impact it had on the trial." *Id.* at PageID 2231. However, "[c]rucial to a full understanding of the breadth of Haslam's ineffective assistance . . . is a careful review of Haslam's errors of omissions and commissions that resulted in a disastrous defense and an unfair trial." *Id.* The effort, then, is to construct a narrative of ineffective assistance which is not tightly tied to the issues actually presented thereafter to the state courts to decide the ineffective assistance of trial counsel issue.

One allegedly egregious mistake was failure to have the forensic interview redacted, along with allowing other bad acts evidence to be admitted. *Id.* at PageID 2231-33. Gaffin also claims Haslam mishandled polygraph results. *Id.* at PageID 2233. The law of the case doctrine is discussed at PageID 2234-36. Gaffin then turns to a general discussion of how the Fourth District didn't follow *Strickland v. Washington,* 466 U. S. 668 (1984). PageID 2236-41. He asserts that he is entitled to *de novo* review of his ineffective assistance of trial counsel claims in this Court because the Fourth District's decision was 'contrary to" *Strickland.* PageID 2238. In his

---

[2] No deposition transcript is attached to the Petition. When counsel moved later to expand the record, this was among the documents they proffered (See ECF No. 19, Ex. A). That Motion was denied on the basis of *Cullen v. Pinholster*, 563 U.S. 170 (2011), which would have required its exclusion even if attached to the Petition (ECF No. 22).

4

Conclusion, he lists (without any record references) nine specific examples of alleged ineffectiveness and concludes:

> Even more egregious than all of the foregoing instances of ineptitude, was Haslam's failure to call a majority of the witnesses he had subpoenaed to testify at trial and his failure to interview nearly ten of those individuals Mr. Gaffin had identified as having exculpatory or impeaching information critical to his defense.

PageID 2242-43.

## Analysis

Because the Ohio Fourth District Court of Appeals did decide Gaffin's ineffective assistance of trial counsel claims on the merits, this Court must defer to that decision unless it was contrary to or an objectively unreasonable application of clearly established Supreme Court precedent. *Harrington, supra.*

### Excursus on Law of the Case Doctrine

A principal focus of Gaffin's legal argument in his Traverse is that the Fourth District Court of Appeals, on appeal after remand, violated the law of the case doctrine by not continuing to find ineffective assistance of trial counsel. *Id.* at PageID 2235, quoting *Gaffin II*. The Fourth District had previously stated: "After reviewing the evidence, we find that Gaffin established that he received constitutionally ineffective assistance of counsel." *State v. Gaffin*, 2019-Ohio-291, ¶ 88 (Ohio App. 4th Dist. Jan. 19, 2019). Gaffin calls this an "unequivocal" finding of ineffective assistance of trial counsel. However, in the same paragraph the *Gaffin II* court made that finding

5

ambiguous:

> {¶88} After reviewing the evidence, we find that Gaffin established that he received constitutionally ineffective assistance of counsel. First, Gaffin showed that his trial counsel's performance fell below an objective level of reasonable representation. Although trial counsel's decision not to call a witness may be considered trial strategy, "[a] total abdication of duty should never be viewed as permissible trial strategy." *State v. Johnson*, 24 Ohio St.3d 87, 494 N.E.2d 1061 (1986). Here, Gaffin's trial counsel not only failed to call a majority of the witnesses he subpoenaed, the affidavits show that he failed to interview at nearly ten of those individuals. *See State v. Erwin*, 5th Dist. Licking No. 95 CA 82, 1996 WL 363815, *5 (June 10, 1996) ("Appellant is entitled to a hearing on this issue in order to further develop the substance of said witnesses' testimony and demonstrate how the failure to call said witnesses at trial was prejudicial."). Second, in light of the admissible evidence Gaffin provided, we find that there is a reasonable probability that the jury would have returned a different verdict. Had the jury heard the witnesses' testimony, especially that of the two officers from the Manchester Police Department, it is reasonably likely that the outcome of the trial would have been different. Because Gaffin provided sufficient evidence in his petition for postconviction relief to satisfy both prongs of an ineffective assistance of counsel claim, we find that any rational trial court would have found substantive grounds for relief existed and granted an evidentiary hearing. **Therefore, we find that the trial court abused its discretion in denying Gaffin's postconviction relief petition without a hearing.** *Id*. (emphasis supplied)

Thus the holding in *Gaffin II* was not that Gaffin actually received ineffective assistance of trial counsel, but that he had presented enough evidence that it was an abuse of discretion not to hold an evidentiary hearing on that issue.

After that hearing on remand and considering both the evidence and the trial court's opinion, the Fourth District found no entitlement to ultimate relief.[3]

Gaffin's assignments of error in *Gaffin III* revolved entirely around his claim that the trial

---

[3] Gaffin notes that it was a different panel, but there is nothing irregular in that: no rule, federal or state, requires Ohio appellate courts to assign the same panel to a second appeal in the same case.

6

court on remand was bound by the law of the case doctrine to find he received ineffective assistance of counsel. The appellate court in *Gaffin III* carefully explained why this was not so and why the Ohio law of the case doctrine did not require it or the trial court to find Haslam provided ineffective assistance of trial counsel.

In any event, whether Ohio law of the case doctrine was correctly applied in either state court is beside the point in this proceeding. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); see also *Elmendorf v. Taylor*, 23 U.S. (10 Wheat.) 152, 160 (1825)(Marshall C. J.); *Bickham v. Winn*, 888 F.3d 248 (6th Cir. Apr. 23, 2018)(Thapar, J. concurring). Nothing in the decisional law of the Supreme Court requires state courts to apply law of the case doctrine, either their own or any federal doctrine. Petitioner has not claimed, much less shown, that the Fourth District's treatment of law of the case doctrine is somehow contrary to or an objectively unreasonable application of a decision of the Supreme Court on a point of constitutional law.

**The Substance of the Fourth District's Decision**

Putting aside the law of the case doctrine and what we might conclude on a *de novo* review, we must turn to examining what the Fourth District actually decided. What were they asked to

7

decide? On appeal after the evidentiary hearing, Gaffin pleaded the following assignments of error:

> **FIRST ASSIGNMENT OF ERROR:**
>
> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO FOLLOW THE LAW-OF-THE-CASE, BY FINDING MR. GAFFIN DID NOT PROVE HIS TRIAL COUNSEL FAILED TO FUNCTION AS COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT, THEREBY VIOLATING MR. GAFFIN'S CONSTITUTIONAL RIGHT TO DUE PROCESS
>
> **SECOND ASSIGNMENT OF ERROR:**
>
> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO FOLLOW THE LAW-OF-THE-CASE, BY FINDING MR. GAFFIN SUFFERED NO PREJUDICE WHERE THE EVIDENCE ADDUCED AT THE HEARING WAS SUBSTANTIALLY THE SAME AS THE AVERMENTS CONTAINED IN THE AFFIDAVITS, THEREBY VIOLATING MR. GAFFIN'S CONSTITUTIONAL RIGHT TO DUE PROCESS
>
> **THIRD ASSIGNMENT OF ERROR:**
>
> THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT REFUSED TO FOLLOW THE LAW-OF-THE-CASE, BY DENYING MR. GAFFIN THE OPPORTUNITY TO DEVELOP THE SUBSTANCE OF THE WITNESSES' TESTIMONY, THEREBY VIOLATING MR. GAFFIN'S CONSTITUTIONAL RIGHT TO DUE PROCESS
>
> **FOURTH ASSIGNMENT OF ERROR:**
>
> THE TRIAL COURT DID NOT REVIEW MR. GAFFIN'S PETITION, NOR THE WITNESSES' TESTIMONY, OBJECTIVELY, THEREBY COMPROMISING THE INTEGRITY OF THE PROCEEDING AND DEPRIVING MR. GAFFIN HIS CONSTITUTIONAL RIGHT TO DUE PROCESS.

(Appellant Brief, State Court Record ECF No. 12-1, Ex. 37, PageID 901-02).

The first three of these are about abuse of discretion which is not a claim cognizable in habeas because abuse of discretion is not a denial of due process. *Sinistaj v. Burt,* 66 F.3d 804 (6th Cir. 1995). Beyond that, violation of the Ohio law of the case doctrine is not a constitutional

8

violation as outlined above. *Levine, supra*. Beyond that the Ohio courts did not violate the Ohio law of the case doctrine: we are bound to accept Ohio courts' decisions on Ohio law. *Bradshaw v. Richey*, 546 U.S. 74 (2005).

Gaffin's Fourth Assignment of Error was that the Ohio trial judge did not review the case on remand "objectively." Gaffin specifies this lack of objectivity: "The trial court's demeanor during all phases of Mr. Gaffin's Petition, as well as the tone of its decisions, suggest an unfavorable predisposition indicating an inability to impartially determine the facts. Such behavior is prejudicial to the fair administration of justice." (Appellant's Brief, State Court Record, ECF No. 12-1, Ex. 37, PageID 921[4]).

Faced with these Assignments of Error, how did the Fourth District decide the case? It noted that the governing standard for claims of ineffective assistance of trial counsel is provided by *Strickland, supra,* which requires proof of deficient performance by counsel and resulting prejudice and that the trial court had applied *Strickland*. *Gaffin III* at ¶ 13[5]. It disavowed any conclusion that it had already decided in *Gaffin II* that Petitioner actually[6] received ineffective assistance of trial counsel.

Aside from rejecting the law of the case arguments, the Fourth District independently reviewed the post-conviction record and noted that the trial court had also done so. With respect to excluded witnesses, the Fourth District found that "we would agree with the trial court's conclusion that trial counsel's performance was not deficient and the above witnesses' testimonies

---

[4] This sounds like a claim that the trial judge was biased against Gaffin. As a basic matter of due process, a criminal defendant is entitled to an unbiased judge, *Tumey v. Ohio*, 273 U.S. 510 (1927). Denial of this right is a structural error which requires setting aside a conviction regardless of prejudice. But Gaffin apparently did nothing to raise judicial bias as a claim, either by motion to disqualify or for recusal.
[5] Gaffin claims *Gaffin III* is "contrary" to *Strickland*, but does not identify any principle from *Strickland* that it rejects.
[6] "[I]t is simply illogical at best or disingenuous at worst to conclude that our decision in *Gaffin II* unequivocally found that Appellant established a prima facie case of ineffective assistance of counsel and thus became the law of the case. We find no merit to Appellant's law of the case argument." *Gaffin III* at ¶ 30.

would not have changed the outcome of the trial." *Gaffin III* at ¶ 37.

Given its disposition of the first two assignments of error, the Fourth District found the third assignment "arguably moot." *Id.* at ¶ 39.  Nevertheless it went on to discuss the merits of Gaffin's claim he had not been allowed to develop supporting witness testimony.  The four witnesses Gaffin proposed to present at the evidentiary hearing were Braxton Gaffin, Tyler Cantrell, Mike Decker, and Officer Malott.  *Gaffin III* at ¶ 47.

The Fourth District held Braxton Gaffin's testimony had been properly excluded on the basis of *res judicata. Id.* at ¶ 49.

Tyler Cantrell is an attorney who represented Gaffin in his divorce from the victim's mother. *Id.* at ¶ 51.  At the evidentiary hearing, Gaffin proffered a video in Cantrell's possession which purported to show R.A., the victim, on a hunting trip with Gaffin of which R.A.'s mother allegedly approved but which occurred after the alleged sexual assaults. *Id.* at ¶ 52.  In *Gaffin II* the video was excluded on the basis of hearsay.  *Gaffin III* at ¶ 52, citing *Gaffin II* at ¶ 54.

Shifting ground, Gaffin argued in *Gaffin III* the trial court refused to allow Mr. Cantrell to testify that, contrary to the trial testimony of R.A.'s mother, she never alleged any acts of domestic violence or sexual assault by Gaffin during the divorce proceedings. Appellant contends this information would have impeached R.A.'s mother on a critical issue. Because Gaffin had known of this issue at the time of *Gaffin II* and not raised it, the Fourth District held it was barred by *res judicata*.  *Gaffin III* at ¶ 54.  Regarding Mike Decker, his testimony had also been ruled inadmissible in *Gaffin II* and reconsideration was barred by *res judicata*. *Id.* at ¶ 56.

Lastly, Jason Mallott testified (or proffered testimony) that during an incident in 2012 he had heard R.A.'s mother say she would do anything to get Gaffin arrested.  *Id.* at ¶ 59.  R.A. also said during the same incident that he wanted to leave his mother's home with Gaffin. *Id.*  The trial

10

court discounted this testimony because it was remote in time, but also before R.A. had revealed the sexual assaults in February 2015. *Id.* The trial judge decided that not presenting this testimony at trial could have been a sound strategic decision because it could have strengthened the State's expert's testimony about bonding between child sexual assault victims and their abusers. *Id.* The Fourth District found the trial court's decision on Mallott's testimony was within its discretion to determine credibility and arrived at after thorough analysis; its inclusion would not likely have changed the outcome of the trial. *Id.* at ¶ 62.

Noting that the trial attorney himself, Aaron Haslam, had not been presented at the evidentiary hearing on the question of strategic choice, the Fourth District found no ineffective assistance of trial counsel in Haslam's failure to present these four witnesses at trial. *Id.* at ¶ 63.

Because the Fourth District decided Gaffin's ineffective assistance of trial counsel claim on the merits, to prevail in this habeas corpus case, he must persuade this Court that the decision of the Fourth District just summarized is contrary to or an objectively unreasonable application of *Strickland, supra*. No, says Gaffin, "this Court should review Mr. Gaffin's Petition "unencumbered by the deference AEDPA normally requires," to determine whether Mr. Gaffin is "in custody in violation of the Constitution or laws … of the United States." *Panetti v. Quarterman*, 551 U.S. 930, 948 (2007); 28 U.S.C. § 2254(a)." (Traverse, ECF No. 18, PageID 2237). In *Panetti*, the Court held that failure of the state courts to provide a death-sentenced prisoner with the procedures required for determination of competency to be executed dispensed with AEDPA deference – no deference to the results of a constitutionally inadequate procedure. But Gaffin does not argue, much less prove, that there is a constitutionally-mandated post-conviction procedure which the state courts here did not provide.

Gaffin cites *Strickland* itself for the proposition that proof of prejudice from ineffective

11

assistance of trial counsel need not reach the level of a preponderance of the evidence (Traverse, ECF No. 18, PageID 2237-38). But the Fourth District in *Gaffin III* did not reject that standard.

Gaffin next relies on *Lafler v. Cooper*, 556 U.S. 156 (2012). In that case the Supreme Court held the Michigan Court of Appeals recognized *Strickland*, but failed to apply it, deciding instead that the underlying guilty plea was valid. *Id.* at 173. In other words, refusal to apply clearly-applicable Supreme Court precedent amounts to rendering a decision that is contrary to that precedent. But the Fourth District applied *Strickland* here, finding Haslam's performance was not deficient and there was no resulting prejudice.

Gaffin spends the last pages of his Traverse arguing again that the totality of Attorney Haslam's performance throughout the case was deficient and prejudicial. He even argues "Despite repeated questioning, Haslam never offered and no evidence supports any tactical rationale for the pervasive oversights and lapses in his representation of Mr. Gaffin." (Traverse, ECF No. 18, PageID 2240-41). Wherever that questioning occurred, it was not in the evidentiary hearing on remand.

Gaffin's *de novo* approach is not warranted by existing habeas corpus law. In the first instance, at least, we are limited to assessing the decision of the Fourth District on the ineffective assistance of trial counsel claims actually presented to it. Gaffin's claim that he was prejudiced by failure to present the testimony of the witnesses actually called at the evidentiary hearing was thoroughly analyzed and reasonably rejected by both the trial court and the Fourth District. That is the question before this Court and one on which Gaffin has failed to persuade.

12

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

April 18, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge
