IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

KEVIN GAFFIN,

    *Petitioner,*

vs.

WARDEN TIM SHOOP, Chillicothe Correctional Institution,

    *Respondent.*

Case No. 1:22-cv-259

Judge Jeffery P. Hopkins

**OPINION AND ORDER**

    This habeas corpus case is before the Court on the Report and Recommendations (the "Report") (Doc. 23) of United States Magistrate Judge Michael R. Merz to whom this case was referred pursuant to General Order 22-05. The Magistrate Judge recommends that the Petition (Doc. 1) be dismissed with prejudice. Petitioner has objected. *See* Doc. 31.

    The Court has reviewed the findings and conclusions of the Magistrate Judge and has considered *de novo* all of the filings in this case with particular attention to the issues as to which Petitioner has lodged objections. Having done so, the Court determines that the Magistrate Judge's recommendations should be adopted.

    **I.    BACKGROUND**

    Petitioner Kevin Gaffin was indicted on three counts of rape of a child under ten, three counts of sexual battery of a child under thirteen, and one count of felonious assault. Doc. 12, PageID 78. A trial jury convicted him on all counts. After merging the rape and sexual battery counts, the trial judge sentenced Gaffin to life imprisonment plus eight years. *Id.* at PageID 92–97. Gaffin appealed, but the convictions and sentence were affirmed. *State v. Gaffin*, 2017-

Ohio-2935 (4th Dist.) (*Gaffin I*), appellate jurisdiction declined, 150 Ohio St. 3d 1454, 2017-Ohio-8136, 83 N.E.3d 939.

Represented by new counsel, the attorneys who continue to represent him in this habeas proceeding, Gaffin filed a Petition for Post-Conviction Relief in August 2017. Doc. 12, PageID 325. In a sixteen-page decision but without holding an evidentiary hearing, the trial court denied relief. *Id.* at PageID 525–39. On appeal the Ohio Fourth District Court of Appeals held the trial court abused its discretion in denying the petition without a hearing and remanded for that purpose. *State v. Gaffin*, 2019-Ohio-291 (4th Dist.) (*Gaffin II*), appellate jurisdiction declined, 155 Ohio St. 3d 1457, 2019-Ohio-1759, 122 N.E.3d 217.

On remand the trial court held an evidentiary hearing on October 15, 2019. *See* Doc. 12-1, PageID 811. After receiving post-hearing briefs, the trial judge again denied relief. *Id.* at PageID 811–34. Gaffin appealed, raising the following Assignments of Error:

> **FIRST ASSIGNMENT OF ERROR:**
>
> The trial court abused its discretion when it refused to follow the law-of-the-case, by finding Mr. Gaffin did not prove his trial counsel failed to function as counsel as guaranteed by the Sixth Amendment, thereby violating Mr. Gaffin's constitutional right to due process.
>
> **SECOND ASSIGNMENT OF ERROR:**
>
> The trial court abused its discretion when it refused to follow the law-of-the-case, by finding Mr. Gaffin suffered no prejudice where the evidence adduced at the hearing was substantially the same as the averments contained in the affidavits, thereby violating Mr. Gaffin's constitutional right to due process.
>
> **THIRD ASSIGNMENT OF ERROR:**
>
> The trial court abused its discretion when it refused to follow the law-of-the-case, by denying Mr. Gaffin the opportunity to develop the substance of the witnesses' testimony, thereby violating Mr. Gaffin's constitutional right to due process.

2

> **FOURTH ASSIGNMENT OF ERROR:**
>
> The trial court did not review Mr. Gaffin's petition, nor the witnesses' testimony, objectively, thereby compromising the integrity of the proceeding and depriving Mr. Gaffin his constitutional right to due process.

Doc. 12-1, PageID 901–02.

As can be seen, Gaffin based his appeal on the law of the case doctrine and on the trial judge's failure to view the evidence objectively. This time, however, the Fourth District affirmed. *State v. Gaffin*, 2021-Ohio-2659 (4th Dist.) ("*Gaffin III*"), appellate jurisdiction declined, 165 Ohio St. 3d 1541, 2022-Ohio-397, 180 N.E.3d 1173. Gaffin then filed his Petition (Doc. 1) in this Court, wherein he claims that he is "entitled to have his convictions vacated because they were imposed in violation of his Sixth Amendment right to effective assistance of counsel." *See* Doc. 1, PageID 25.

## II.   STANDARD OF REVIEW

*Gaffin III* is the last reasoned state court decision and therefore the one which this Court must evaluate. For each claim adjudicated on the merits in the state courts, the decision the federal courts review is that of "the last state court to issue a reasoned opinion on the issue." *Joseph v. Coyle*, 469 F.3d 441, 450 (6th Cir. 2006) (citing *Payne v. Bell*, 418 F.3d 644, 660 (6th Cir. 2005)). Under the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA"), this Court must defer to *Gaffin III* unless it is contrary to or an objectively unreasonable application of Supreme Court holdings, *see* 28 U.S.C. § 2254(d)(1), or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding[s]." 28 U.S.C. § 2254(d)(2). "[R]egardless of whether [a federal court] would reach a different conclusion were [it] reviewing the case *de novo*, the findings of the state court must be upheld unless there is clear and convincing

evidence to the contrary." *Clark v. O'Dea*, 257 F.3d 498, 506 (6th Cir. 2001). Furthermore, the "clear and convincing evidence to the contrary" must be found in the record the state courts considered in deciding the issue. *Cullen v. Pinholster,* 563 U.S. 170 (2011).

### III. LAW AND ANALYSIS

Gaffin's counsel expends considerable effort arguing that the law of the case doctrine required the trial court to find Gaffin suffered ineffective assistance of trial counsel. The Magistrate Judge, however, noted that the Fourth District found no violation of the Ohio law of the case doctrine by the trial judge on remand. Doc. 23, PageID 2450. Moreover, he also correctly concluded that it was Ohio law of the case doctrine which was at issue and this Court is bound by Ohio courts' interpretation of its own law. Finally, he concluded there is no federal constitutional right to have the state courts apply the law of the case doctrine. *Id.*

Gaffin objects to the Magistrate Judge's conclusion that it is Ohio law of the case doctrine which is at issue and the consequent holding that we are bound by Ohio courts' interpretations of that doctrine. Doc. 31, PageID 2509–12. He then cites uses of the law of the case doctrine by federal courts. *Id.* at PageID 2510.

Contrary to Gaffin's argument, the Magistrate Judge did not suggest that the law of the case doctrine is a "creation of Ohio law." Law of the case is a common law doctrine, subject to variations from jurisdiction to jurisdiction. The Report merely concludes that Ohio courts have the authority to shape Ohio's use of the doctrine. There is no constitutionally-mandated form of the doctrine. The *Gaffin III* court held that the trial judge had not violated the Ohio law of the case doctrine and that holding is entitled to deference as a matter of federalism.

Gaffin then objects that the *Gaffin III* court's use of the law of the case doctrine enabled

4

it to "make unreasonable factual findings not supported by the record, thereby denying Gaffin his constitutional right to due process and effective assistance of counsel." *Id.* at PageID 2511. The supposedly clearly erroneous findings of fact are not listed nor do the objections display the evidence which supposedly would make those findings clearly erroneous. In fact, *Gaffin III* consists largely of conclusions of law, to wit, that the trial court did not abuse its discretion in denying post-conviction relief.

Instead of focusing on what evidence the excluded witnesses would have provided if they had been called to the stand, the objections focus on potential uses of those witnesses' testimony if trial counsel had investigated them more thoroughly. This Court is not authorized to review the ineffective assistance claim *de novo*.

### IV. CONCLUSION

Petitioner's objections are without merit and are therefore **OVERRULED**. The Court hereby **ADOPTS** the Report (Doc. 23) in its entirety and **DISMISSES** the Petition (Doc. 1) with prejudice. The Court **CERTIFIES** that an appeal would be objectively frivolous and therefore Petitioner should not be permitted to proceed in forma pauperis.

**IT IS SO ORDERED.**

August 16, 2024

Jeffery P. Hopkins
United States District Judge